# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DVP, LP | Case No. 1:15-cv-00074-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION SUA SPONTE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |
| DARNELL CHAMP, | |
| Defendant. | |

## I. INTRODUCTION

On January 16, 2014, Defendant Darnell Champ ("Defendant") filed a Removal Notice of an unlawful detainer pending against him in the Tulare County Superior Court. (Doc. 1.) The Removal Notice alleges removal is proper because the "matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action arising under federal law and in which a federal statute is drawn in controversy." (Doc. 1, ¶ 3.) It appears that Defendant is seeking to remove this action because Plaintiff has expressly referenced and incorporated the Protecting Tenants at Foreclosure Act of 2009 in its complaint. (Doc. 1, ¶ 7.) Defendant also maintains that the Protecting Tenants Foreclosure Act is placed into controversy by Plaintiff's

complaint because the statute provides a ninety-day notice period prior to the filing of any state eviction proceeding, but Plaintiff did not allow the nine day period to lapse before filing its claim.

For the reasons set forth below, this is REMANDED to the Tulare County Superior Court.

## II.  DISCUSSION

**A.    Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

**B.    This Court Lacks Subject Matter Jurisdiction**

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff's complaint states a single claim for unlawful detainer pursuant to California law. Plaintiff alleges that it is the owner of real property located at 3727 N. Silverdale Street, Visalia, California 93291 (the "Property"), by virtue of a trustee's sale following foreclosure proceedings. (Doc. 1, p.[1] 10, ¶ 3.)  Plaintiff alleges Defendant was served with a written notice to quit the

---

[1] Citation to page numbers reference the CM/ECF pagination assigned to the document upon filing.

property, but Defendant refused to vacate the Property and continues in possession of the Property without Plaintiff's permission or consent. (Doc. 1, p. 10, ¶ 7.) As an exhibit to the complaint, Plaintiff attached a copy of the notice to quit served on Defendant, which informed Defendant the notice was provided pursuant to the California Law as well as the Protecting Tenants at Foreclosure Act of 2009. (Doc. 1, p. 14.)

Defendant claims that Plaintiff's complaint creates a controversy over federal law – i.e., Protecting Tenants at Foreclosure Act of 2009 (the "Act") because it was cited in the Notice to Quit served on Defendant and because Plaintiff did not comply with the Act. The only cause of action in the complaint is unlawful detainer, which arises under California law. The fact that Defendant maintains he has a defense under the Act because of improper notice to quit the Property, is insufficient to confer subject matter jurisdiction under Section 1331. Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010) (stay denied NO. 2:10-CV-01457 JAM, 2:10-CV-02619 JAM, 2011 WL 398862, at *1-*2 (E.D. Cal. Feb. 3, 2011). Plaintiff's claim of unlawful detainer arises under state law and not under federal law. (Doc. 1, pp. 30-36.) As such, there is no jurisdictional basis for removal since an unlawful detainer action, on its face, fails to raise a federal question.[2]

---

[2] Defendant does not assert diversity as a basis on which the Court may exercise subject matter jurisdiction. Nonetheless, the Court notes that under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity, such action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendant specifically asserts that he is a resident of Tulare County, California. (Doc. 1, ¶ 6). As such, Defendant's California residency negates removal jurisdiction based on diversity. 28 U.S.C. § 1441(b)(2).

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. This action is REMANDED to the Tulare County Superior Court;
2. The Clerk of Court is DIRECTED to:
   (a) Serve a copy of this order on the Tulare County Superior Court;
   (b) Terminate the recently filed motion to remand, Doc. 8, as moot; and
   (c) Close this case.

**SO ORDERED**
**Dated: January 29, 2015**

**/s/ Lawrence J. O'Neill**
**United States District Judge**